**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RUBEN MOVSISYAN, | No. 08-74687 |
| Petitioner, | Agency No. A099-550-440 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District
Judge.[***]

Based primarily on an adverse credibility finding, the Immigration Judge

("IJ") denied Ruben Movsisyan's claims for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

protection under the Convention Against Torture. The Board of Immigration Appeals ("BIA") upheld the IJ's decision and dismissed Movsisyan's appeal.

The evidence does not compel us to overturn the adverse credibility determination. *See Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). That determination rested on discrepancies between Movsisyan's testimony and his asylum application as well as an interview he gave under oath with an asylum officer. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Movsisyan was afforded an opportunity to explain these discrepancies but was unable to do so plausibly. The IJ did not fail to address any plausible explanation Movsisyan offered. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004) (IJ must address "reasonable and plausible" explanations for discrepancies).

Movsisyan contends that, even if his testimony is disbelieved, his documentary evidence establishes a credible fear of future persecution and therefore entitles him to relief. The record does not compel us to reject the BIA's finding that Movsisyan failed to produce credible, specific, and persuasive evidence in support of his claim. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

Movsisyan did not exhaust before the BIA his argument that the IJ's refusal to continue proceedings to allow for cross-examination of the asylum officer deprived him of a full and fair hearing. This Court therefore lacks jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**